ANDREW BUELL, Respondent, *v.* VILLAGE OF HERKIMER, N. Y., Appellant.

Fourth Department, May 15, 1935.

*David E. Snyder*, for the appellant.

*James P. O'Donnell*, for the respondent.

PER CURIAM. Plaintiff has sued defendant village in two causes of action, the first for penalties under section 12 of the Transportation Corporations Law, the second for breach of contract — in that defendant has refused to furnish plaintiff with electric power. Defendant moved to dismiss the first cause of action, the motion was denied and defendant appeals. The authority to furnish electric power in defendant village, concededly a municipal corporation, is vested in a " municipal commission," duly created by statute. Defendant is sued in the first cause of action as a " transportation corporation," which, for the purposes of this action, means an " electric corporation " (Transportation Corporations Law, § 2, subd. 1). Under the corporation scheme in operation in this State, the defendant village is not such a corporation (Transportation Corporations Law, § 10, second sentence), and is not made such

in effect by section 5 of the Transportation Corporations Law. The fact that the said municipal commission is obligated to defend for and in the name of the village of Herkimer all actions relating to generation and distribution of electric energy by said commission (Municipal Commission Act [Laws of 1910, chap. 162], § 7-a, added by Laws of 1927, chap. 628, as amd. by Laws of 1934, chap. 77, § 2), does not make defendant an electric transportation corporation. That statute simply places the obligation upon the municipal commission to defend when the village is lawfully sued.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.